

8383 WILSHIRE BOULEVARD, SUITE 526
BEVERLY HILLS, CA 90211 · 424.203.1600

100 PARK AVENUE, SIXTEENTH FLOOR
NEW YORK, NY 10017 · 212.799.1400

WWW.HARDERLLP.COM

October 21, 2022

**By Electronic Filing**
Hon. Dustin M. Howell
United States Magistrate Judge
501 West 5th Street, Suite 4190
Austin, TX 78701

  Re: Block v. Barnes, No. 1:22-cv-00869-LY (W.D. Tex.)

Dear Judge Howell:

  I represent Plaintiff Carson Block in the above-captioned action and write to provide a status update on the "New York action" referenced in Defendant Kevin Barnes' motion to dismiss (Dkt. 10) and reply (Dkt. 15). Mr. Barnes argues in his motion papers that the Court should transfer this case to the New York action, Kevin Barnes v. Carson Block & Muddy Waters, LLC, No. 22-cv-7236 (S.D.N.Y.), where Mr. Barnes contends Mr. Block should assert his defamation cause of action as a compulsory counterclaim. Recent developments in the New York action—which occurred after Mr. Block's filing of his opposition to motion to dismiss (Dkt. 13)—however, demonstrate Mr. Barnes' arguments on this point have been far from complete and warrant this Court's attention as it decides Mr. Barnes' motion.

  On July 25, 2022, Mr. Barnes filed a cursory two-page "summons with notice" in New York Supreme Court, and thereafter served it on Mr. Block and Muddy Waters, LLC ("Muddy Waters"). The minimal legal and substantive import of this document under New York law are discussed in Mr. Block's opposition brief (Dkt. 13, at 18-20) and are not be repeated here. On August 24, 2022, Mr. Block and Muddy Waters removed the action to federal court in the Southern District of New York, and then on September 27, 2022—about a month after this action was filed—Mr. Barnes, for the first time, filed his New York Complaint. See New York Action, Dkt. 12.

  On October 3, 2022, upon having had an opportunity to review Mr. Block's allegations for the first time, Mr. Block and Muddy Waters sent Mr. Barnes' counsel a letter pursuant to Fed. R. Civ. P. 11, requesting that Mr. Barnes withdraw his claims because they are based on a whistleblower award payment from the U.S. Securities & Exchange Commission ("SEC") that Mr. Block has not received—and may never receive due to Mr. Block's obstruction—and therefore are not ripe.

Hon. Dustin M. Howell
October 21, 2022
Page 2

Mr. Barnes refused to withdraw his claims. His counsel did, however, engage in meet-and-confer discussions with Mr. Block and Muddy Waters' New York counsel through which Mr. Barnes' counsel "offered to stay the New York action" in its entirety in light of the obvious ripeness issue. See Ex. A (emphasis added). Mr. Barnes' counsel also threatened to "cross-move for a stay" of the entire case if Mr. Block and Muddy Waters filed a motion to dismiss. Id.

A stay, as opposed to dismissal, was not acceptable to Mr. Block and Muddy Waters, so they proceeded to file a motion to dismiss on October 18, 2022. See Ex. B.

In their motion to dismiss, Mr. Block and Muddy Waters make clear, under black-letter New York law, that Mr. Barnes' claims are not ripe. See id. at 9-11 & 22 n.8. [1] They also make clear that the core allegations underlying Mr. Barnes' claims are false and that Mr. Barnes knows they are false. In particular, in attempting to state claims for unjust enrichment and constructive trust, Mr. Barnes falsely alleges that Mr. Block and Muddy Waters were "enriched" by a $14 million SEC whistleblower award, even though Mr. Barnes knows neither Mr. Block nor Muddy Waters have actually received any money from the SEC. He knows this because he has blocked any such payment from being made by appealing the SEC's whistleblower award to Mr. Block and asking for it to be reversed, a fact Mr. Barnes admits in Paragraph 118 of his New York Complaint. As Mr. Barnes knows, if he prevails on his appeal, Mr. Block may not receive any whistleblower award. Nevertheless, Mr. Barnes has persisted in asserting claims in the New York action for unjust enrichment and constructive trust, which require Mr. Block to have actually received payment under the award, and for breach of fiduciary duty, on the basis that Mr. Block has failed to pay Mr. Barnes part of an award he may never be paid.

Accordingly, through his motion in this Court, Mr. Barnes is requesting that the Court transfer this action to one that is unripe and one that he has offered to stay—and threatened to move to stay—in its entirety. Mr. Barnes' motion papers give the plain impression that a transfer to New York would result in Mr. Block's defamation claim actually being expeditiously litigated as a compulsory counterclaim, but the recent developments discussed above demonstrate that likely will not be the case.

Mr. Block believes that these facts further demonstrate (in addition to the facts and legal contentions included in Mr. Block's opposition papers) that there is no basis for dismissal or transfer of this action. While Mr. Barnes is telling this Court that there is a ready forum for this case in New York, thereby justifying relief either on the grounds of personal jurisdiction, venue, or discretionary transfer, in fact a transfer of this action would very possibly result in the litigation being stalled as Mr. Barnes tries to get the action he voluntarily initiated stayed pending his meritless claims against the SEC. Mr. Barnes, of course, informed this Court of none of this, even though these facts are directly relevant to the arguments he is making herein.

---

[1] Under New York law, neither an unjust enrichment nor a constructive trust claim is ripe until the defendant actually receives something of value. *See, e.g.*, *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000); *Counihan v. Allstate Ins. Co.*, 194 F.3d 357, 361-62 (2d Cir. 1999). Moreover, an award that may never be paid is insufficient to form the basis of such claims. *See Chevron Corp. v. Donzinger*, 871 F. Supp. 2d 229, 259 (S.D.N.Y. 2012).

Hon. Dustin M. Howell
October 21, 2022
Page 3

      Accordingly, and reserving all of his rights with respect to Mr. Barnes' misleading statements to the Court, Mr. Block urges that this Court deny Mr. Barnes' motion to dismiss or transfer the case for the reasons stated herein as well as those in Mr. Block's opposition papers.

      Sincerely,

DILAN A. ESPER
for HARDER LLP

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of Block's Letter to Magistrate Howell re NY Motion to Dismiss upon each attorney of record and the original upon the Clerk of Court on this the 25th day of October, 2022.

*/s/ Dilan A. Esper*
Signature

Dilan A. Esper