UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Carson Block, an individual,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. 1:22-CV-00869-LY |
| **Kevin R. Barnes, an individual,** | § § § | |
| Defendant. | § § | |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S STATUS REPORT

Defendant Kevin R. Barnes ("Barnes" or "Defendant") files this Motion to Strike the self-styled Status Report (Dkt. 17) ("Status Report") and attachments filed by Plaintiff Carson Block ("Block" or "Plaintiff"), and states as follows:

## I. INTRODUCTION

Block filed his Status Report in a thinly-veiled attempt to have the last word on Barnes's Motion to Dismiss (Dkt. 10) and to misconstrue the issues raised in that motion. Because the Status Report does not actually provide a status update, because it is effectively a sur-reply filed without leave, because it introduces new arguments, and because it misconstrues Barnes's arguments, Barnes respectfully requests the Court strike the Status Report.

## II. ARGUMENT

A.  **The Status Report does not actually provide a meaningful status update.**

Block insists that there is good reason to continue this case because the filing of his motion to dismiss makes it likely that the New York case will be dismissed or otherwise stalled. But as Block's communications with Barnes's New York counsel demonstrate, Block was always going

to make every effort to derail the New York case. It is not a surprising development that he has now filed a motion to dismiss in that matter. Block could have stated his intention to do so in his Response. He could have moved for an extension of time to file a response so that he could attach his motion to dismiss as an exhibit. Or, he could have requested leave to file an expanded brief and raised his additional arguments. He has no excuse for waiting until *after* Barnes's reply was filed to provide this "update." Plainly, he just wants the last word on Barnes's motion.

The vehicle of a status report is also odd here given the status of the New York action has not actually changed. Things would be different if the Southern District of New York had entered a substantive order. But Block's motion to dismiss was a totally predictable filing, so it does not make it any more or less likely that the New York action will be dismissed.

In sum, the Status Report says absolutely nothing new or unpredictable about the procedural developments in the New York action, but it does introduce new arguments to this Court.

**B.    The so-called Status Report should be stricken because it is a poorly-disguised sur-reply.**

The Status Report is a *de facto* sur-reply because it makes precisely the kind of arguments that Block might ask to make if he requested leave to file a sur-reply. The letter discusses Block's motion and raises arguments for why it should be granted. A true status report would simply explain recent developments pertinent to the case, focusing on what the Southern District of New York decided (currently nothing) and not editorializing as Block has done here.

This district's local rules do not permit a party to file a sur-reply as a matter of course. *See* Local Rule CV-7. Accordingly, a sur-reply may not be filed without leave. Further, sur-replies are subject to the same filing requirements as other briefs. *See* Local Rule CV-10. Block has not followed these rules. Block's proper avenue for raising his arguments would have been to file a

motion for leave to file a sur reply and attach a sur-reply that would comply with this District's Local Rules. Because he did not do so, the filing should be stricken.

C.     **The Status Report introduces new arguments.**

Even if Block had followed the proper channels for further briefing on the Motion to Dismiss, it would have been highly unusual for the Court to grant leave to file a sur-reply because Block raises new arguments. These are not only the arguments he raises in the letter to the Court, they are also the arguments raised in the attached brief in support of his motion to dismiss, which he no doubt hoped this Court would read and consider as additional arguments in opposition to Barnes's motion.

Block has been adamant (and wrong) that personal jurisdiction lies in Texas. He also asserted (also wrongly) the Texas action was filed first. But now, for the first time in this case, Block goes further. He now asserts there would not be personal jurisdiction in New York at all. To be sure, this is a question for a court sitting in New York that this Court need not address or acknowledge. But if this Court does wish to consider this argument, it would only be fair to allow Barnes an opportunity to respond because there is obviously personal jurisdiction over Block in New York.

D.     **The Status Report misconstrues the issues at bar.**

In his attempt to have the last word on this matter, Block pulls the focus completely to a position Barnes took as an alternative argument: that the Court could transfer this matter to the Southern District of New York. In fact, this argument is an alternative to an alternative: Barnes primarily requests this Court dismiss for lack of personal jurisdiction, venue, or failure to state a claim. In the alternative, he requests dismissal as the case pending in the Southern District of New York was first-filed, or as a last resort transfer to the Southern District of New York. Block tries to recast Barnes's motion as one for transfer to New York because Barnes's jurisdictional and

substantive arguments are straightforward and based on binding caselaw from the Fifth Circuit. This Court need not delve into which case was filed first—it can simply dismiss based on one of Barnes's primary arguments.

## III.
## CONCLUSION AND PRAYER

For the foregoing reasons, Defendant respectfully requests that this Court strike Plaintiff's Status Report, give it no consideration when taking Defendant's Motion to Dismiss under advisement, grant Defendant's Motion to Dismiss, and award Defendant all other relief to which he is entitled. In the alternative, if this Court is inclined to consider the Status Report in resolution of the Motion to Dismiss, Barnes requests leave to file a response and address the merits of Block's new arguments.

Respectfully submitted,

By: */s/ Catherine L. Robb*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Catherine L. Robb
State Bar No. 24007924
catherine.robb@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Ave., Ste. 1300
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

Samuel Mallick
State Bar No. 24109501
sam.mallick@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Ave., Ste. 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

*Attorneys for Defendant Kevin R. Barnes*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 31st day of October, 2022, a true and correct copy of the above document was served via the CM/ECF system to:

Susan W. Roberts
Charles J. Harder, Esq.
Dilan A. Esper, Esq.
Emmanuel Fua, Esq.
HARDER LLP
501 South Congress Ave., Suite 150
Austin, Texas 78701

                                                 */s/ Catherine L. Robb*
                                                 Catherine L. Robb