**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DIVISION**

| | | |
|---|---|---|
| CARSON BLOCK | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | No.  1:22-CV-869-LY |
| | § | |
| KEVIN R. BARNES | § | |
| *Defendant* | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Motion to Dismiss, Dkt. 10, and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.   BACKGROUND

This is a defamation case. Plaintiff Carson Block, is an activist short seller who researches companies, shorts their publicly traded securities, publishes the research, and then sells making a profit. Block asserts that in an interview given to the *Wall Street Journal*, Defendant Kevin Barnes defamed him when Barnes made statements that Block received an SEC whistleblower award after he partnered with Barnes, agreed to split the award, and did not. Block argues that the claim that he is a business "partner" of Barnes is not true, as he had only employed Barnes as a contract employee. Block asserts this claimed relationship injured his reputation because Barnes is a known patent troll and has received negative publicity in this capacity.

1

Additionally, Block argues he did not enter into any agreement with Barnes and any statement that he had, and also failed to honor that agreement, caused injury to Block's business reputation.

Barnes moves to dismiss this case on various grounds including a lack of personal jurisdiction and improper venue. Barnes argues that Block is a transplant from California, who is only recently domiciled in Austin, Texas, and this suit has no relationship to Texas. Barnes is domiciled in Pennsylvania. Barnes argues that the alleged defamatory comments were made to a New York-based reporter for *the Wall Street Journal*, which is a New York-based publication. The whistleblower award in issue is currently on appeal to the Third Circuit, as well as the subject of a breach of contract case filed in a New York state-court suit brought by Barnes and then removed to federal court in the Southern District of New York by Block. Barnes also moves to dismiss for failure to state a claim. Because the undersigned finds that it lacks personal jurisdiction over Barnes and this case was filed in an improper venue, it does not address Barnes' other arguments regarding the merits of Block's claims or whether they are compulsory counterclaims in the New York suit.

## II.      LEGAL STANDARDS

### A.      12(b)(2)

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court

may determine the jurisdictional issue "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a *prima facie* case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

### B.    12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3).  Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue. *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). Where there is no evidentiary hearing, a plaintiff may carry her burden by presenting facts that, taken as true, would establish venue, and the court must resolve any factual conflicts in favor of the plaintiff. *Braspetro Oil Servs., Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). In determining whether venue is proper, "the court must

accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs.*, 240 F. App'x at 615. However, courts may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or evidence submitted by the parties as part of the venue motion. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). When it is determined a case is filed in a division or district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue. *See* 28 U.S.C. § 1406(a).

## III.    DISCUSSION

### A.    Personal jurisdiction

Barnes first moves to dismiss on the basis that the Court lacks personal jurisdiction over him. The United States Supreme Court has recognized two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *See Bristol-Myers Squibb Co. v. Super. Ct.*, —— U.S. ——, 137 S. Ct. 1773, 1779 (2017). General jurisdiction exists over a nonresident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "That is a high bar." *Johnson v. TheHuffingtonPost.com, Inc.*, —— F.4th ——, ——, 2021 WL 6070559, at *7 (5th Cir. Dec. 23, 2021). Block concedes that general jurisdiction is not present in this cause of action.

The specific-jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quotation omitted). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (quotation omitted). Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The Fifth Circuit uses a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Ward v. Rhode*, 544 F. App'x 349, 352 (5th Cir. 2013) (quotation omitted).

Addressing the second prong, Barnes argues he is not subject to personal jurisdiction in Texas because the alleged defamatory remarks have no connection to Texas. He asserts:

> [this is] a dispute arising out of a business relationship entered into in New York, that investigated a Chinese company that was traded on a stock exchange in New York, involving a statement made to a reporter based in New York, for an article in a newspaper published in New York, aimed at an audience of businesspeople working in New York, about a lawsuit pending in New York ....

Dkt. 10, at 13. Block relies on *Clemens v. McNamee*, for the proposition that a defamation plaintiff's mere residence in a state is an insufficient basis for personal jurisdiction. 615 F.3d 374, 378 (5th Cir. 2010).

Block argues that his defamation claim arises from or relates to Barnes' Texas contacts. He asserts that Barnes' comments were directed at and intended to harm Block in Texas. Dkt. 13, at 20. Block relies on *Calder v. Jones*, 465 U.S. 783 (1984), in support of his argument that Barnes has sufficient minimum contacts with Texas. Block also argues that Barnes had additional voluntary contacts related to the defamatory conduct "as he traveled to Texas and attempted to meet with Mr. Block in an attempt to further his extortion scheme, and directed several communications to Mr. Block in Texas as part of that scheme." Dkt. 13, at 20. Block also requests that if the Court finds that proof of personal jurisdiction is insufficient, it should allow jurisdictional discovery. *Id.* at 21.

"Specific jurisdiction applies when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel & Associates, Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008). The relevant contacts are those the defendant himself creates with the forum state and only "the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there" are relevant for this analysis. *Walden*, 571 U.S. at 285. As the Supreme Court has recently clarified, "arise out of" and "relate to" are two separate methods of evaluating the connection between forum and controversy. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021) ("[O]ur most common formulation of the rule demands that the suit arise out of or relate to the defendant's contacts with the forum. The first half of that standard asks about

causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing.") (internal citations omitted) (emphasis in original).

In the context of defamation actions, personal-jurisdiction law is explained in the Supreme Court's decision in *Calder,* 465 U.S. 783. In *Calder,* actress Shirley Jones sued the National Enquirer newspaper in California, claiming she had been libeled by an article in that publication. *Id.* at 784. The newspaper was a Florida corporation with its principal place of business in Florida, but California was its largest market. *Id.* at 785. Jones was a resident of California whose professional life was also based in that state. *Id.* The Court noted that the article's writer made several telephone calls to California sources to obtain the information contained in the article. *Id.* at 785–86. The Court concluded that jurisdiction was proper in California because the story, "drawn from California sources," centered around "the California activities of a California resident" whose career was based in California; therefore, "the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California." *Id.* at 788–89. Because California was the "focal point" of both the article itself and the harm suffered, even though the actual conduct of writing and researching the article took place in Florida, jurisdiction rested with the California court. *Id.* at 789.

In applying the *Calder* analysis, the Fifth Circuit has emphasized the importance of the "focal point" language. *Herman v. Cataphora, Inc.*, 730 F.3d 460, 465 (5th Cir. 2013) (citing *Clemens,* 615 F.3d at 379)). In *Clemens*, at issue were public

statements about a professional basketball player who resided in Texas that were made by his former trainer. *Id.*, at 378. The court held that the plaintiff failed to make a prima facie showing that the defendant made statements in which Texas was the focal point: "the statements did not concern activity in Texas; nor were they made in Texas or directed to Texas residents any more than residents of any state." *Id.*

Thus, while a plaintiff's suffering damage in the forum state is part of the calculus, but for minimum contacts to be present the allegedly defamatory statements must be adequately directed at the forum state. *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002). Even if the majority of the claimed harm is felt in the forum state, the Fifth Circuit has declined to find personal jurisdiction when the statements focus on activities and events outside the forum state. *Clemens*, 615 F.3d at 379–80; *See also Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317–18 (5th Cir. 2021), cert. denied, 143 S. Ct. 485 (2022) (holding Texas was without jurisdiction when the article did not mention Texas, did not describe activities taken in Texas, and did not use Texas sources); *Herman,* 730 F.3d at 466 (5th Cir. 2013) (holding the plaintiffs did not establish jurisdiction in Louisiana merely because the alleged harm was disproportionately suffered in Louisiana because the article did not mention Louisiana or indicate the activity discussed therein occurred in Louisiana and there was no indication the online article was published from Louisiana or directed at Louisiana residents). Thus, under *Calder* and *Clemens*, "mere injury to a forum resident is not a sufficient connection to the forum.... The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's

conduct connects him to the forum in a meaningful way." *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 496–97 (5th Cir. 2022).

The undersigned finds that this case is similar to *Clemens* and distinguishable from *Calder*. Here, none of the statements appear to have been made in Texas, about Texas, or were specifically directed at Texas residents. The facts underlying the dispute also took place outside of Texas as is evident from the fact that the litigation related to this case is all outside of Texas. The focal point of the alleged defamatory conduct is not Texas.

Realizing *Calder* is not enough, Block asserts that there are additional Texas contacts in this case are "related to" the alleged defamatory conduct. Block maintains that Barnes traveled to Texas after the statement was made to try to meet with Block and directed communications to Block in Texas. Dkt. 13, at 20.  In support he offers an email from Barnes to Block stating he would be traveling to Texas in the future and would like to meet. Dkt. 13-2.  He also submits a letter and an email from Barnes' New York attorney sent to Block in Texas about their SEC dispute, as well as the summons in the New York state court cause of action also sent to Texas. Dkt. 13-3 and Dkt. 13-4.  As additional evidence, Block submits an unrelated article Barnes emailed to him in 2021. Dkt. 13-5.  And he submits communications between two attorneys about the New York action. Dkt. 13-6. Lastly, he submits the Declaration of Anthony Jew stating he answered the Muddy Waters, LLC, Austin telephone number and took a message from Barnes stating he would be traveling to Austin and would like to meet with Block. Dkt. 13-7.

The undersigned finds that the instances laid out above are insufficient contacts with Texas to establish personal jurisdiction over Barnes. First, Barnes has offered a sworn affidavit that although willing to do so, he never traveled to Texas to meet Block. Additionally, Barnes points out that the article he sent, and other emails, had nothing to do with the case at bar. And, at the time he conversed with Anthony Jew, Jew was located in Bronxville, New York, where he served as counsel for Block's business entity, Muddy waters, LLC. And to the extent Barnes' lawyers reached out to Block in Texas in connection with the litigation in this case and another, those contacts are not related to any harm suffered by Block. Block does not attempt to contravene this evidence, and does not submit evidence he met with Barnes in Texas or that Jew, the general counsel of his business is not located in New York.

As to Block's reliance on *Distributed v. Grewal*, 971 F.3d 485, 495 (5th Cir. 2020), it is distinguishable. In *Grewal*, the Fifth Circuit found a court had jurisdiction over a nonresident defendant based on the effects of a cease-and-desist letter, combined with other activities. 971 F.3d at 496. In *Grewal*, the Attorney General for the State of New Jersey sent a cease-and-desist letter to a Texas business that published materials on the 3D printing of firearms. *Id.* at 488–89. The Fifth Circuit noted the cease-and-desist letter had a chilling effect on the plaintiffs' first amendment rights, which caused them to cease publication of certain information to their websites. *Id.* at 495. The *Grewal* court concluded Texas courts had personal jurisdiction over the out-of-state official because the attorney general sought to enforce New Jersey law and halt the plaintiff's activity nationwide. *Id.* at 492. *Grewal*

is one of four cases where the Fifth Circuit has analyzed jurisdiction based on the effect of a government official's cease-and-desist letter: *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008); *Stroman Realty, Inc. v. Antt*, 528 F.3d 382 (5th Cir. 2008); and *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels*, 1 F.4th 346 (5th Cir. 2021). Notably, in each of these cases, the sender of the cease-and-desist letter was a government official asserting nationwide authority, rather than a private individual like in this case. Furthermore, the Fifth Circuit distinguished the facts in *Grewal* from the preceding decisions—all of which concluded jurisdiction was absent—by emphasizing that plaintiffs' injury was more directly attributable to the cease-and-desist letter, because it caused a chilling effect on his First Amendment rights. 971 F.3d at 495.

In this case, Block's alleged injuries arise from the alleged defamatory *Wall Street Journal* interview, not any contact with Texas.  Any letter by counsel to Block in Texas or Block's counsel in Texas is an insufficient basis for personal jurisdiction. *See Mr Showers, LLC v. Mr. Shower Door, Inc.*, 4:21-CV-00520, 2021 WL 5918921, at *5 (E.D. Tex. Dec. 15, 2021) (finding Defendant's request to Facebook attempting to enforce its trademark does not suggest Defendant purposefully availed itself of the privilege of conduct activities in Texas or invoked the benefits of protections of Texas' laws.)

Block's reliance on *Trois v. Apple Tree Auction Ctr., Inc.*, No. 16-CV-51414, 2018 WL 706517, at *4 (5th Cir. Feb. 5, 2018), is similarly unavailing. In that case, the Fifth Circuit affirmed a Texas court's finding of personal jurisdiction over a

nonresident business owner who made allegedly fraudulent statements to a Texas plaintiff during a phone call. *Id.* at 35. The court reiterated that the inquiry for finding personal jurisdiction in a tort case is whether the defendant's conduct connects him to the forum in a meaningful way, and reasoned that when the defendant reached out to Texas to make the allegedly false statements he should have reasonably anticipated being haled into court there. In this case, the defamation is unrelated to any of the contacts relied upon by Block. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999), also relied upon by Block, is also inapplicable. In *Wien*, the court found personal jurisdiction proper because the out of state defendant made numerous calls, and sent letters and faxes to the Plaintiff that "contained the promises, assurances, and representations that are at the heart of the lawsuit." *Id.* In this case, the limited contacts with Texas were unrelated to the alleged defamation which was a statement to a New York reporter.

The undesigned finds that Barnes' limited contacts with Texas are insufficient to establish specific jurisdiction.  Block's claims do not "arise out of or relate to [Barnes'] contacts" with Texas. *Ford Motor Co. v. Mt. Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (finding even where the plaintiff shows that that defendant deliberately reached out to Texas, specific jurisdiction only exists if his claims "arise out of or relate to the defendant's contacts" with the forum.)

Block requests jurisdictional discovery if the Court finds that it does not have specific jurisdiction. He requests, "discovery on all Barnes' travel to and communications with Texas relating to his attempted extortion scheme against Mr.

Block." Dkt. 13, at 21. "As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." *Davila v. United States*, 713 F.3d 248, 263–64 (5th Cir.2013). A plaintiff is not entitled to jurisdictional discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009). In this case, because any extortion of Mr. Block by Barnes would require communication with Mr. Block, and Block would already be aware of those communications, any further jurisdictional discovery would be futile. Accordingly, Block's request for jurisdictional discovery is **DENIED**.

### B.    Improper venue

Barnes also move to dismiss based on improper venue. Venue in a civil action is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2).

The undersigned has found that Texas is not the focal point of the action in this case. Additionally, "a substantial part of the events or omissions giving rise to this case" did not occur in Texas. The alleged defamatory comments were made by Barnes, who resides in Pennsylvania, to a *Wall Street Journal* reporter, in New York to a New York publication regarding an SEC whistleblower case that is filed in the Third Circuit. Other than Block's recent residence in Texas, the underlying events in

this case have no connection to Texas. Accordingly, this case is also properly dismissed based on improper venue.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court is **GRANT** Defendant's Motion to Dismiss, Dkt. 10, and **DISMISS** this cause of action **WITHOUT PREJUDICE** as to filing in the proper district. The referral in this case is **CANCELED**.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The district court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 22, 2023.

_____

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

14