IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARSON BLOCK, | § | No. 1:22-CV-869-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| KEVIN R. BARNES, | § | |
| | § | |
| Defendant. | § | |

_____

ORDER: (1) ADOPTING AMENDED REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE; (2) GRANTING MOTION TO DISMISS
WITHOUT PREJUDICE TO REFILING IN PROPER DISTRICT; AND
(3) MOOTING MOTION TO STRIKE

Before the Court is an Amended Report and Recommendation (the "Report")[1] (Dkt. # 24) submitted by United States Magistrate Judge Dustin Howell. The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Howell's recommendations, **GRANTS** Defendant Kevin R. Barnes's Motion to Dismiss **WITHOUT PREJUDICE TO REFILING IN PROPER DISTRICT** (Dkt. # 10); and (3) **MOOTS** Defendant's Motion to Strike Plaintiff Carson Block's Status Report (Dkt. # 18).

---

[1] The amended Report corrected formatting errors and an incorrect party reference from the original Report. (Dkt. # 24 at 1 n.1.)

## BACKGROUND

Because there were no objections to the Background Facts as recited by Judge Howell in his Report, the Court repeats them here.  This is a defamation case.  Plaintiff Carson Block is an activist short seller who researches companies, shorts their publicly traded securities, publishes the research, and then sells making a profit.  Block asserts that in an interview given to the Wall Street Journal, Defendant Kevin Barnes defamed him when Barnes made statements that Block received an SEC whistleblower award after he partnered with Barnes, agreed to split the award, and did not.  Block argues that the claim that he is a business "partner" of Barnes is not true, as he had only employed Barnes as a contract employee.  Block asserts this claimed relationship injured his reputation because Barnes is a known patent troll and has received negative publicity in this capacity.  Additionally, Block argues he did not enter into any agreement with Barnes and any statement that he had, and also failed to honor that agreement, caused injury to Block's business reputation.

On September 27, 2022, Barnes filed a motion to dismiss Block's claims.  (Dkt. # 10.)  Barnes moved to dismiss on various grounds including a lack of personal jurisdiction and improper venue.  Barnes argued that Block is a transplant from California, who is only recently domiciled in Austin, Texas, and this suit has no relationship to Texas.  Barnes is domiciled in Pennsylvania.

Barnes argued that the alleged defamatory comments were made to a New York-based reporter for the Wall Street Journal, which is a New York-based publication. The whistleblower award in issue is currently on appeal to the Third Circuit, as well as the subject of a breach of contract case filed in a New York state-court suit brought by Barnes and then removed to federal court in the Southern District of New York by Block. Barnes also moved to dismiss for failure to state a claim.

The motion was fully briefed and referred to Magistrate Judge Howell for his Report. On March 30, 2023, Judge Howell issued his amended Report, recommending that the Court grant the motion to dismiss without prejudice to refiling in the proper venue. (Dkt. # 24.) Judge Howell determined that the Court lacks personal jurisdiction over Barnes, and that the case was filed in an improper venue. (Id.) Given that finding, Judge Howell did not address Barnes' other arguments regarding the merits of Block's claims or whether they were compulsory counterclaims in the New York suit. (Id.) On April 5, 2023, Block filed objections to the Report (Dkt. # 25); on April 14, 2023, Barnes filed his response to Block's objections (Dkt. # 26).

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

In his Report, Judge Howell made the following findings: (1) sufficient contacts with Texas are lacking to establish personal jurisdiction over Barnes; (2) Block's alleged injuries arise from an alleged defamatory *Wall Street Journal* interview, and not any contact with Texas; (3) Barnes's limited contacts with Texas are insufficient to establish specific jurisdiction because they do not "arise out of or relate to [Barnes's] contacts" with Texas; (4) there is no need for any jurisdictional discovery because any communications between the parties are

4

already known to each other; and (5) the underlying events in this case have no connection to Texas and thus venue here is improper.  (Dkt. # 24.)

Block has filed objections to the Report.[2]  (Dkt. # 25.)  Specifically, Block argues that: (1) Judge Howell incorrectly found there were insufficient contacts with Texas to give rise to specific jurisdiction; (2) Judge Howell erred in recommending denial of jurisdictional discovery; and (3) Judge Howell erred in determining that venue is improper.  (Id.)  The Court addresses each objection in turn.

   A.   Personal Jurisdiction

Block first objects to the Magistrate Judge's conclusion that there were insufficient contacts with Texas to give rise to specific jurisdiction.  (Dkt. # 25 at 1.)  Block argues that Barnes knowingly directed defamatory statements into Texas with an intent to harm a Texas resident and his business located in Texas.  (Id. at 2.)  Block contends that Judge Howell did not properly consider this case's similarity to the Supreme Court's ruling in Calder v. Jones, 465 U.S. 783 (1984), in which personal jurisdiction was upheld in California where the *National*

---

[2] On June 30, 2023, Block filed a letter on the docket which informs the Court that on June 28, 2023, he filed a defamation action against Barnes in the Eastern District of Pennsylvania "in an abundance of caution and to guard against potential statute of limitations issues."  (Dkt. # 28.)  Block states that "he will not appeal any ruling adopting the Magistrate's recommendation of dismissal without prejudice."  (Id.)

*Enquirer*, located out of state, defamed a California resident by publishing statements including in California, which were injurious to the plaintiff, and whom it knew resided in California. (Id.) Block argues that Barnes intentionally tried to injure a plaintiff in Texas in the same way the *National Enquirer* in Calder injured a plaintiff in California. (Id.)

Block also contends that Judge Howell did not analyze Barnes's other contacts with Texas, including his sending correspondence into Texas related to this dispute, including offering to travel and meet with Block. (Dkt. # 25 at 2.) Block maintains that by contacting him and his firm in Texas, Barnes deliberately reached out to Texas. (Id.) Block further asserts that Judge Howell improperly dismissed contacts with Texas though which Barnes was attempting to carry out his extortion scheme based only on Barnes's publication of the statements in the Wall Street Journal instead of Barnes's contacting Block in Texas and offering to come to Texas to negotiate a transaction to settle the parties' dispute. (Id. at 3.) Block argues that Barnes's contacts with Texas arise out of or, at a minimum, "relate to" the cause of action. (Id.)

Upon proper de novo review, the Court finds that the Magistrate Judge correctly determined that Barnes contacts with Texas did not result in specific jurisdiction. The Court has carefully considered the relevant case law, and like the Magistrate Judge, finds that none of the statements appear to have been

6

made in Texas, were about Texas, or were directed at Texas residents. Additionally, the Court's own review of the relevant facts indicates that the dispute took place outside of Texas and that the focal point of any alleged defamatory conduct is not Texas. The objection based on this argument is therefore overruled.

B.  Jurisdictional Discovery

Block also objects to the Magistrate Judge's findings that jurisdictional discovery could not yield additional facts in support of personal jurisdiction on the basis that Block would already be aware of any communications from Barnes directed to him in Texas. (Dkt. # 25.) Block asserts that Barnes *could have* (1) discussed the extortion scheme with others in Texas, (2) made phone calls to Texas, and (3) emailed or sent letters to companies in Texas. (Id. (emphasis added).)

The Court will also overrule this objection. Upon de novo review, the Court finds that Block's requested discovery is not likely to produce any additional facts not already known to the parties. Additionally, as Barnes argues, the request is likely a fishing expedition and based on hypotheticals.

C.  Improper Venue

Block lastly objects to the Magistrate Judge's determination that venue is improper. (Dkt. # 25 at 6.) Block argues that the Magistrate Judge ignored that, in defamation cases, a place where a substantial part of the events

7

occurred is where the injury is suffered.  (Id.)  Block contends that since he alleges he was injured in Austin, Texas, then that is where a substantial part of the events occurred and venue is therefore proper.  (Id.)

Again, the Court will overrule this objection.  Upon de novo review, the Court concludes that the alleged events giving rise to this suit include that Barnes used his New York telephone number, spoke with a journalist in New York, and a newspaper article was published in New York with a majority of readers who are New York residents.  Thus, none of these events occurred in Texas.  The Magistrate Judge therefore correctly concluded that this case is properly dismissed based on improper venue.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's Amended Report and Recommendation (Dkt. # 24) as the opinion of the Court, **GRANTS** Defendant Kevin R. Barnes's Motion to Dismiss **WITHOUT PREJUDICE TO REFILING IN PROPER DISTRICT** (Dkt. # 10); and will therefore (3) **MOOT** Defendant's Motion to Strike Plaintiff Carson Block's Status Report (Dkt. # 18).  The Clerk's Office is **INSTRUCTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, July 18, 2023.

_____
David Alan Ezra
Senior United States District Judge